UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Samantha Young, individually, and on behalf of all others similarly situated, | ) Case No. _____ <br> ) <br> ) **CLASS ACTION** <br> ) <br> ) **COMPLAINT** <br> ) <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) |
| Plaintiff, | |
| vs. | |
| Amazon Logistics, Inc. | |
| Defendant. | |

**PRELIMINARY STATEMENT**

Now comes Plaintiff, Samantha Young ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, and pursuant to 735 ILCS §§ 5/2-801 and 2-802, and Fed. R. Civ. P. 23, against Defendant Amazon Logistics, Inc. d/b/a Amazon Flex ("Amazon Flex") to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant Amazon Logistics, Inc. is a Delaware corporation which operates as Amazon Flex.

2. Plaintiff has worked for Amazon Flex as a Driver since approximately 2019.

3. In or around April 2019, Amazon Flex began requiring its Drivers, including Plaintiff to undergo routine identity checks.

4. As part of this process, Amazon Flex requires its Drivers, including Plaintiff, to upload photos of their driver's licenses and Amazon Flex performs a facial geometry analysis on said driver's licenses.

5. Amazon Flex then requires its Drivers, including Plaintiff, to routinely take "selfie" photographs when they log in to the Amazon Flex app to being working. Amazon Flex will then perform a facial geometry analysis on the selfie and compare it against the facial geometry analysis on the driver's license to ensure that they match, and that the driver of the vehicle is in fact the holder of the Amazon Flex account.

6. Amazon Flex collects, stores, possesses, otherwise obtains, uses, and disseminates Plaintiff's and the Class Members' biometric data to, amongst other things, further enhance Amazon Flex and its online shopping and shipping business model.

7. Amazon Flex wrongfully profits from the facial scans it has collected or otherwise obtained from Amazon Flex Drivers.

8. Facial geometry is a unique, permanent biometric identifier associated with each Shopper that cannot be changed or replaced if stolen or compromised. Amazon Flex's unlawful collection, obtainment, storage, and use of its Drivers' biometric data exposes them to serious and irreversible privacy risks. For example, if Amazon Flex's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Amazon Flex Divers have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

9. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

10. Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

11. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Amazon Flex may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

12. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

13. Specifically, upon information and belief, Amazon Flex has created, collected, and stored thousands of "face templates" – highly detailed geometric maps of the face –from thousands of Illinois residents whose verification photos and state-issued ID's were collected by Defendant. Each face template that Amazon Flex extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies a particular individual.

14. Amazon Flex is a "private entity" as that term is broadly defined by BIPA and Amazon Flex is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

15. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

16. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this action occurred within this judicial district.

17. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Defendant is domiciled outside of Illinois and the amount in controversy exceeds $75,000.

18. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

19. At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

20. At all relevant times, Amazon Flex is incorporated under the laws and jurisdiction of Delaware and has been duly registered to conduct business in Illinois.

21. At all relevant times, Amazon Flex has purposefully availed itself of the privilege of conducting business in Illinois and purposefully directed its activities at Illinois.

22. Amazon Flex delivers Amazon packages to millions of customers within the state of Illinois.

23. To do so, Amazon Flex contracts with tens, if not hundreds, of thousands of Drivers within the state of Illinois.

24. At all relevant times, the injuries detailed herein arose from Amazon Flex's forum-related activities.

25. Upon information and belief, Amazon Flex has captured and stored the facial geometry of tens, if not hundreds, of thousands of Illinois residents while those individuals were working as Drivers for Amazon Flex within the state of Illinois.

26. Amazon Flex would not have permitted any of these individuals to deliver Amazon Flex packages in Illinois without first collecting and storing their facial geometry.

27. Amazon Flex not only targets customers within Illinois, but it targets the very Drivers in Illinois who are the subject of this Complaint through Illinois-specific recruiting efforts on Amazon's own websites as well as third party job recruiters such as Indeed, Glassdoor, and Zip Recruiter.

28. Amazon Flex's contacts with the state of Illinois are neither random, fortuitous, nor attenuated.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. Plaintiff has worked for Amazon Flex as a Driver since approximately December, 2019.

31. In or around April 2019, Amazon Flex began requiring its Drivers, including Plaintiff to undergo routine identity checks.

32. As part of this process, Amazon Flex requires its Drivers, including Plaintiff, to upload photos of their driver's licenses and Amazon Flex performs a facial geometry analysis on said driver's licenses.

33. Amazon Flex then requires its Drivers, including Plaintiff, to routinely take "selfie" photographs when they log in to the Amazon Flex app to being working. Amazon Flex will then perform a facial geometry analysis on the selfie and compare it against the facial geometry analysis on the driver's license to ensure that they match, and that the driver of the vehicle is in fact the holder of the Amazon Flex account.

34. In other words, Amazon Flex collected and retained biometric information for the purpose of verifying Plaintiff's identity.

35. Amazon Flex again collected and retained biometric information for the purpose of verifying Plaintiff's identity at regular intervals while Plaintiff worked as an Amazon Flex Driver.

36. At all relevant times, Amazon Flex had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric

information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

37. Ostensibly, the purpose of Defendant's collection of Plaintiff's facial geometry was to verify Plaintiff's identity prior to Plaintiff's logging on to the app to work as a Driver for Amazon Flex at any given time.

38. As such, Plaintiff's verification photos should have been permanently destroyed by Defendant immediately following each verification of Plaintiff's identity.

39. Moreover, Plaintiff's uploaded state issued identification and profile image should have been permanently deleted no later than the time that Plaintiff ceased working as an Amazon Flex Driver.

40. However, Defendant failed to permanently destroy Plaintiff's facial geometry as required by law:

41. As such, Defendant's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

42. Defendant did not inform Plaintiff in writing that they were collecting or storing her biometric information.

43. Instead, Amazon Flex simply instructed Plaintiff to upload her state issued identification form and periodic verification photos as part of the onboarding and day-to-day job duties working as an Amazon Flex Driver.

44. Moreover, Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

45. Defendant collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which she consented to or authorized Amazon Flex to do same.

46. Amazon Flex collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent to do same.

47. Amazon Flex sold, leased, traded, or otherwise profited from Plaintiff's biometric information. 740 ILCS § 14/15(c).

48. Any and all revenue or profits which Amazon Flex obtained as a result of Plaintiff's working as and Amazon Flex Driver were predicated upon Plaintiff providing Defendant with her biometric information and Defendant's storage or retention of same.

49. Additionally, Amazon Flex disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

50. Upon information and belief, Amazon Flex disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to numerous third parties, including but not limited to, Amazon.com, Inc., Amazon.com Services, LLC, Amazon Webs Services, LLC, other Amazon subsidiaries, and their partners and affiliates.

51. Defendant's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part Amazon Flex's policies and procedures which apply to all Amazon Flex Drivers, including the Class Members.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by Defendant while working as an Amazon Flex Driver at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

54. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

55. **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

56. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Amazon Flex possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Defendant, whichever occurs first.

b. Whether Amazon Flex collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c. Whether Amazon Flex sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric identifiers or biometric information.

d. Whether Amazon Flex disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

e. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

57. **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had her biometric identifiers and biometric information collected, retained or otherwise possessed by Amazon Flex without its adherence to the requirements of BIPA as detailed herein.

58. **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

59. **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

60. **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

61. Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

**(Brought by Plaintiff on behalf of herself and the Class Members)**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

64. Amazon Flex collected Plaintiff's and the Class Members facial geometries which qualifies as biometric information as defined by BIPA.

65. At all relevant times, Amazon Flex had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Amazon Flex, whichever occurs first.

66. Ostensibly, the purpose of Amazon Flex's collection of Plaintiff's and the Class Members' facial geometry was to verify Plaintiff's and the Class Members' identifiers prior to their logging on to the app to work as an Amazon Flex Driver at any given time.

67. As such, Plaintiff's and the Class Members' verification photos should have been permanently destroyed by Amazon Flex immediately following each verification of Plaintiff's and the Class Members identities.

68. Moreover, Plaintiff's and the Class Members' uploaded state issued identification, profile image, and the biometric information generated therefrom should have been permanently deleted no later than time that Plaintiff and the Class Members ceased working as Amazon Flex Drivers.

69. However, Defendant failed to permanently destroy Plaintiff's and the Class Members' facial geometry as required by law:

70. As such, Defendant's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

**(Brought by Plaintiff on behalf of herself and the Class Members)**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

73. Amazon Flex did not inform Plaintiff and the Class Members in writing that it was collecting or storing their biometric information.

74. Instead, Amazon Flex simply instructed Plaintiff to upload her state issued identification form and periodic verification photos as part of the onboarding and day-to-day job duties working an Amazon Flex Driver.

75. Moreover, Defendant did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

76. Defendant collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize Amazon Flex to do same.

77. As such, Defendant's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(c)

**(Brought by Plaintiff on behalf of herself and the Class Members)**

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information. 740 ILCS § 14/15(c).

80. Amazon Flex has sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric information. 740 ILCS § 14/15(c).

81. Any and all revenue or profits which Defendant obtained as a result of Plaintiff's working as an Amazon Flex Driver were predicated upon Plaintiff providing Amazon Flex with her biometric information and Defendant's storage or retention of same.

82. While discovery will ascertain all of the ways in which Defendant used Plaintiff's and the Class Members' biometric information, Defendant used Plaintiff's and the Class Members' biometric information for business purposes, in furtherance of Amazon Flex's business interests, and for more specific profit-driven activities such as analytics and research.

83. Amazon Flex's selling of, leasing of, trading of, or otherwise profiting from Plaintiff's and the Class Members' biometric information is unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT FOUR: VIOLATION OF 740 ILCS § 14/15(d)

### (Brought by Plaintiff on behalf of herself and the Class Members)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

86. While discovery will ascertain all of the ways in which Amazon Flex disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Amazon Flex disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members'

biometric information to numerous third parties, including but not limited to, Amazon.com, Inc., Amazon.com Services, LLC, Amazon Web Services, LLC, other Amazon subsidiaries, and their partners and affiliates.

87. Defendant's disclosure, redisclosure, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

## PRAYER FOR RELIEF

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: May 19, 2023          Respectfully submitted,


**FRADIN LAW**

s/ *Michael L. Fradin*

Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

**SIMON LAW CO.**

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com